PER CURIAM.
This is an appeal by Delores Sedberry from an order of the juvenile court of Du-val County adjudging her three small children to be dependent, and committing them “temporarily to the care, custody and control of the Division of Family Services for suitable foster home placement,” with visitation privileges provided for the mother and the maternal grandmother of the children.
The proceeding was instituted by a petition of the Division of Family Services praying for an adjudication of dependency. The petition recited certain facts upon which it was represented that the mother was emotionally unstable and unable to provide adequate care and supervision of the children, and that the resultant impaired physical condition of the children (who were then aged three years and two months, one year and four months, and eight weeks respectively), and the conditions in the home which were adverse to their welfare were such as to prompt the granting of the relief sought. Based upon the petition, without a noticed, hearing, the court entered a Special Proceedings Order by which the children were committed temporarily to the care and custody of the Division of Family Services, for foster home or other suitable placement pending a hearing which was therein set for a certain date. Thereafter hearing was had at which the mother was present with counsel. Also present was the maternal grandmother who lived with the mother and the children. Following the hearing, which was commenced on one day and continued and completed on a later date, the order appealed from was entered.
Appellant contends the evidence was insufficient to support or justify the dependency order entered following the hearing. Appellant also contends the court committed error by entering the initial order upon which the children were taken from her custody without a hearing, as being a denial of due process of law.
On the appellant’s latter contention, when such [F.S. §§ 39.01(10), 39.06(3) F.S. A.] is authorized by statute, we are not inclined to hold that a juvenile court should be precluded from so acting without a prior noticed hearing. In instances where it may appear that it is necessary, for the protection and welfare of children, such temporary action may be taken pending a noticed hearing on the question of their alleged dependency. To hold that due process requires a noticed adversary hearing in instances where immediate action is needed for the welfare of a child, could result in undue harm. More properly the question involved should be whether such an emergency situation existed on this occasion. No timely effort was made to halt the proceedings for want of due process, and a reasonably prompt full hearing was supplied thereafter.
As noted above, the order holding the children were dependent committed them to the custody and control of the Division of Family Services temporarily for foster home placement. Upon examining the record we hold the order is supported by competent substantial evidence. The appellant’s contention to the contrary is without merit.
Although not disclosed in the record of the case, this court was advised by counsel during argument of the appeal that the youngest child, after being hospitalized and *239 treated for the effects of malnutrition due to improper feeding, had responded well to treatment and had been returned to the mother, and that the other children, following certain treatment, had been or were about to be returned to the mother with the dependency order continuing in effect.
In view of the showing in the record of the lack of proper parental care and other facts which need not be outlirted here relating to the mother and the home environment which prompted the dependency order, it would appear to be appropriate for the lower court in its discretion to continue the dependency order in effect, or to terminate the same upon the court’s own motion or upon petition of the mother of the children if and when the circumstances shall so prompt or require.
No reversible error having been shown, the order appealed from is affirmed.
RAWLS, C. J., WIGGINTON, J., and CARROLL, CHARLES A., Associate Judge, concur.